## 21 CV 973

DISTRICT COURT OF THE UNITED, STATES OF AMERICA
WESTERN DISTRICT OF NEW YORK

David Mongielo,

-against-

**COMPLAINT
AND JURY DEMAND**

Kristie T. Kantor and

Niagara County Family Court New York

*(stamp: UNITED STATES DISTRICT COURT FILED AUG 27 2021 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY)*

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, David Mongielo , One of the People in this court of record according to the rules of The Common Law hereby demands a jury trial of all issues.

### I.    INTRODUCTION

1. This is an action seeking monetary damages, to redress illegal conduct by the defendants, who deprived the plaintiff of various natural rights secured by the Constitution and laws of the united States of America, specifically the First, Fourth and Fourteenth Amendments to the united States of America Constitution and the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 as well as The Common law of New York.

2. This is an action to declare Family Court Act Section 435 unconstitutional as it violates the plaintiff's Right to a jury trial where the potential sentence exceeds six months in jail and/or a $5,000 fine or both.  That the plaintiff's natural rights pursuant to Fifth Amendment Right to due process Sixth Amendment Right to a a jury trial,

1

Right protected by the Seventh Amendment to a jury trial in civil cases, Fourteenth Amendment to due process and equal protection of the law and the Civil Rights Act of 1871, 42 U.S.C. §§193 as well as the common law of the State of New York.

## II.    JURISDICTION

3.  This action seeks to enforce rights guaranteed by the Constitution and laws of the united States of America and is brought pursuant to 42 US.C. §§ 1983. Jurisdiction is based upon 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 1367 (supplemental jurisdiction). The substantive federal claims are brought pursuant to 42 U.S.C. §§1983. The Court has supplemental jurisdiction over state common law claims.

4.  (supplemental jurisdiction). The substantive federal claims are brought pursuant to 42 U.S.C. §1983. The Court has supplemental jurisdiction over state claims under The Common Law.

5.  Venue is proper in the Western District of New York, under 28 U.S.C. §1391(b), because all parties live in this District and because all of the events or omissions giving rise to the claims occurred within this District.

## III. PARTIES

6.  Plaintiff DAVID MONGIELO is, and at all times hereinafter mentioned was a resident in Lockport, Niagara County, New York State .

7. Defendant – Kristie T. Kantor both in her individual and official capacity is employed by the Family Court System of New York as a Niagara County Support Magistrate, operating as a corporation operating under the laws of the State of New York with offices in Lockport, New York.at 175 Hawley Street, Lockport, NY 14094.

8. The defendant Kristie T. Kantor was at all times herein employed by the Family Court System of New York as a Niagara County Support Magistrate

9. She resides in Niagara County and is sued individually and in her official capacity as County Support Magistrate.

10. At all times herein, the defendant was acting within the scope of her employment.

11. At all times herein, the individual defendants were acting under color of state law.

### III.  FACTUAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

12. The plaintiff has been mailed by the Niagara County Family Court a Summons (Violation of Support Order) (Virtual Appearance) to be held on May 5, 2021, File 71898 and Docket No.: F-01586-17/21K. The Summons states in part:

13. "to answer the above petition and show cause why you should not be dealt with in accordance with Section 454 of the Family Court Act and Section 5242 of the Civil Practice Law and Rules.

14. A Summons was a Petition for Violation of Support Order that is undated. That said Petition states that the person is seeking to hold me on contempt. The petition does not state all of the penalties that can be taken against me. At the end of the Violation Petition it states:

15. "WHEREFORE, Petitioner prays that the court find that the Respondent has willfully failed to obey the order of support and grant the Petitioner the relief set forth in

3

Section 454 of the Family Court Act; and further, Petitioner prays for the relief set forth in Sections 458-b, 458-c, 548-b and 548-c of the Family Court Act;

16. The Petition also states:

17. By order of the Niagara County Family court dated 12/18/20, Docket number F-01586-17, the Respondent was found to be legally chargeable with the support of the following dependent child(ren) --- and was directed to pay $182.00 weekly, $52.64 twice per month, to the Support Collection Unit; . . .

18. The plaintiff is being denied his rights to due process , equal protection of the law and his Right to a Jury Trial as the potential penalty exceeds six months in jail and/or a $5,000 fine or both for violating a child support order. The Court must look at the entire potential penalty as stated in the United States Supreme Court in <u>Blanton v. City of North Las Vegas</u>, Nev., 489 U.S. 538 held:

    1.i.  In using the word "penalty" **we do not refer solely to the maximum prison term** authorized for a particular offense. A legislature's view of the seriousness of an offense also is reflected in the other penalties that it attaches to the offense. See <u>United States v. Jenkins</u>, 780 F.2d 472, 474, and n. 3 (CA4). We thus examine "whether the length of the authorized prison term for the seriousness of other punishment is enough in itself to require a jury trial." (Citation omitted). Primary emphasis, however must be placed on the maximum authorized period of incarceration. Penalties such as probation, or a fine may engender "a significant infringement of personal freedom," id, at 151, 89 S.Ct. 1506, but they cannot approximate in severity the loss of liberty that a prison term entails. Indeed, because incarceration is an "intrinsically different" form of punishment, <u>Muniz v. Hoffman</u>, 422 U.S. 454, 477, 95 S.Ct. 2178, 2190 (1975), it is the most powerful indication whether an offense is "serious".

    1.ii.  Although we did not hold in Baldwin, that an offense carrying a **maximum prison term of six months or less automatically qualifies as a "petty" offense**, and decline to do so today, we do find it appropriate to

presume for purposes of the Sixth Amendment that society views such an offense as "petty". **A defendant is entitled to a jury trial in such circumstances only if he can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a "serious" one.** This standard, albeit somewhat imprecise, should ensure the availability of a jury trial in the rare situation where the legislature packs an offense it deems "serious" with onerous penalties that nonetheless "do not puncture the 6-month incarceration line."

19. The plaintiff faces a trial for contempt of court for violating a support order dated December 18, 2020.

20. That the current Order (Order Upon Support Magistrate

21. Determination of Willfulness) dated December 18, 2020 states:

22. NOTICE: YOUR WILLFUL FAILURE TO OBEY THIS ORDER MAY

23. RESULT IN INCARCERATION FOR **CRIMINAL** NON-SUPPORT OR

24. CONTEMPT. YOUR FAILURE TO OBEY THIS ORDER MAY RESULT IN

25. SUSPENSION OF YOUR DRIVER'S LICENSE, STATE-ISSUED

26. PROFESSIONAL, TRADE, BUSINESS AND OCCUPATIONAL LICENSES

27. AND RECREATIONAL AND SPORTING LICENSES AND PERMITS; AND

28. IMPOSITION OF REAL OR PERSONAL PROPERTY LIENS.

29. Notice the following are <u>some</u>, but not all, of the penalties that can be illegaly imposed:

      1.i.  Suspension of your driver's license

      1.ii.  Suspension State-issued professional license

  1.iii. Suspension State-issued Trade license

  1.iv. Suspension State-issued Business license

  1.v. Suspension State-issued Occupational license

  1.vi. Suspension State-issued Recreational license

  1.vii. Suspension State-issued Sporting license

  1.viii. Imposition of real or personal property liens.

30. That the plaintiff has a New York State Business registered repair shop. Also, plaintiff has a NYS inspection license to inspect cars. That if the plaintiff was to lose his license to inspect cars this would cost him tens of thousands of dollars each year and possibly lose his business.

31. Take Notice that the above NOTICE does not state plaintiff could spend up to six months in jail and does not State that a Money Judgment can be issued against him at a rate of 9% per year.

32. Further, the Notice does not state that if plaintiff is sentenced to jail, his child support continues to increase each week he is in jail. For example, the plaintiff is ordered to pay $100.00 per week child support and is in jail for six months (26) weeks he is now another $2,600.00 in arrears and his old balance is increasing by another 9% per year. This is part of the penalty, that child support is not stopped by the person being in jail.

33. As stated, ¶10 above the petitioner was requesting relief pursuant to Family Court Act §454. Therefore, the Court must look to Family Court Act §454 for the entire potential penalty. That based upon the potential penalty the plaintiff is entitled to a jury trial for non-payment of child support and therefore, Family Court Act §435 is unconstitutional as it deprives the plaintiff of his Constitutional Right to a jury trial.

34. Failure to pay child support is a crime under the New York State Penal Law Article

10 – Definitions:

1. "Offense" means conduct for which a sentence to a term of imprisonment or a fine is provided by any law of this state or by any law, local law or ordinance of a political subdivision of this state, or by any order, rule or regulation of any governmental instrumentality authorized by law to adopt the same.

1.i. 4. "Misdemeanor" means an offense, other than a "traffic infraction," for which a sentence to a term of imprisonment in excess of fifteen days may be imposed, but for which a sentence to a term of imprisonment in excess of one year cannot be imposed.

1.ii. (Six months in jail for failure to pay child support pursuant to Family Court Act §454 would fall within this legal definition)

1.iii. 5. "Felony" means any offense for which a sentence to a term of imprisonment in excess of one year may be imposed.

1.iv. 6. "Crime" means any misdemeanor or a felony.

35. As documented in ¶8 above, the plaintiff faces

36. "criminal" contempt for non-payment of support. Family Court Act §261. Legislative findings and purpose states: Persons involved in certain family court proceedings may face the infringements of fundamental interests and rights, including the loss of a child's society and the **possibility of criminal charges,** and therefore have a constitutional right to counsel in such proceedings. Counsel is often indispensable to a practical realization of due process of law and may be helpful to the court in making reasoned determinations of fact and proper orders of disposition. The purpose of this

7

part is to provide a means for implementing the right to assigned counsel for indigent

persons in proceedings under this act.

37. The case law clearly holds that a litigant is entitled to counsel if he faces

imprisonment for the failure to pay child support pursuant to court order.

     1.i.  In the Matter of a Proceeding for Support under Article 4 of the Family Court Act. Linda G. v. Theodore G, 1973, 74 Misc.2d 516 345 N.Y.S.2d 361 at 366:

     1.ii.  . . . In this matter, it is; the respondent-husband clearly, at some stage of the proceeding, is liable to a loss of his liberty. We respectfully believe that the clear intent of the Appellate Division to ever widen the availability of counsel must also be construed and/or effectuated as a mandate to lower Courts to extend the most liberal construction, consistent with its written terms, to Article 18-B (Judiciary Law). Accordingly, although the statute by its terms (Section 722) is framed to encompass persons "accused of crime", Section 722-a, defines a crime as "a felony, misdemeanor, or the breach of any law of this state . . . other than one that defines a 'traffic infraction', for which a sentence for a term of imprisonment is authorized upon conviction thereof". Under this definition, incarceration for violation of a support order is not excluded under the statute's only exclusionary clause, viz. that of a "traffic infraction". The only other inference must be that the statute is flexible enough to be construed to include it. We believe, in the light of the Appellate Division's clear mandate, that it intended to have the lower courts under its jurisdiction implement this right to counsel, and that in the light of this clear directive, this construction of the statute, though liberal, does not torture it out of its context. The intent of the Appellate Division is to be implemented immediately.

38. Support contempt proceedings are "quasi-criminal in nature" Larisa F. v. Michael S.,

122 Misc.2d 520, 470 N.Y.S.2d 999 (Fam. Ct. 1984) and Haynes v. Hartman, 63

A.D.2d 1, 406 N.Y.S.2d 818 (1st. Dept. 1978).

39. Obviously, the legislature in enacting Family Court Act §261 and case law consider the violation of a support order as a "criminal" offense. As they have determined that a litigant is entitled to counsel as he or she faces incarceration, he is therefore, entitled to his Fifth, Sixth and Fourteenth Amendment protections and these protections are applicable to the family court when a litigant is facing incarceration for failure to pay child support.

40. That support orders have the following Notice printed on the top of the Order in capital letters stating:

    1.i. NOTICE: YOUR WILLFUL FAILURE TO OBEY THIS ORDER MAY RESULT IN INCARCERATION FOR **CRIMINAL NON-SUPPORT OR COMTEMPT**. YOUR FAILURE TO OBEY THIS ORDER MAY RESULT IN SUSPENSION OF YOUR DRIVER'S LICENCE, STATE-ISSUED PROFESSIONAL, TRADE, BUSINESS AND OCUPATIONAL LICENSES AND RECREATIONAL AND SPORTING LICENSES AND PERMITS; AND IMPOSITION OF REAL OR PERSONAL PROPERTY LIENS.

41. Before the Family Court can deny a litigant a jury trial, the court must first determine what the potential maximum penalty is for the "crime" of contempt of court for failure to pay child support pursuant to court order. Therefore, Family Court must look to Family Court Act §438 and §454 that states the potential punishment.

42. §438 Counsel Fees.

43. In any proceeding for failure to obey any lawful order compelling payment of support of a spouse or former spouse and children or of children only, the court shall, upon the finding that such a failure was willful, order respondent to pay counsel fees to the attorney representing the petitioner or person on behalf of the children. Representation by an attorney representing the petitioner pursuant to paragraph (b) of subdivision nine of section one hundred eleven (b) of the social services law shall not preclude an award of counsel fees to an applicant which would otherwise be allowed under this section.

44. In many cases, the award of counsel fees can exceed what is owed by the litigant in back child support.

45. Family Court Act §454. Powers of the court on violation of a support order.

    1. If a respondent is brought before the court for failure to obey any lawful order of support and if, after hearing, the court is satisfied by competent proof that respondent has failed to obey any such order, the court may use any or all of the powers conferred upon it by this part. The court has the power to use any or all enforcement powers in every proceeding brought for violation of a court order under this part regardless of the relief requested in the petition.

    2. Upon finding that a respondent has failed to comply with any lawful order of support:

        (2.i.a) the court shall enter a money judgment under section four hundred sixty of this article; and

        (2.i.b) the court may make an income deduction order for support enforcement under section fifty-two hundred forty-two of the civil practice law and rules;

        (2.i.c) the court may require the respondent to post an undertaking under section four hundred seventy-one of this article.

            2.i.c.a. Family Court Act, Art 4, §471. Undertaking for support and cash deposits.

            2.i.c.b. The court may in its discretion require either a written undertaking with sufficient surety approved by the court or may require that cash be posted to secure

compliance by the respondent with the order for support for such period. Such undertaking shall be for a definite period, not to exceed three years, and the required amount of the principal of such undertaking shall not exceed the total payments for support required for three years and shall be so stated in the order for support. . . .

(2.i.d)   the court may make an order of sequestration under section four hundred fifty-seven of this article.

(2.i.e)   the court may suspend the respondent's driving privileges pursuant to §458-a of this article.

(2.i.f)   the court may suspend the respondent's state professional or business license pursuant to §458-b

2.ii.   of this article.

(g)   the court may suspend the recreational license or licenses of the respondent pursuant to §458-c of this article.

46. The court may require the respondent, if the persons for whom the respondent has failed to pay support are applicants for or recipients of public assistance, to participate in work activities as defined in title nine-b of article five of the social services law. Those respondents ordered to participate in work activities need not be applicants for or recipients of public assistance.

47. except as otherwise provided in paragraph (h) of this subdivision, the court may require the respondent to participate in job training, employment counseling or other programs designed to lead to employment if authorized pursuant to section four hundred thirty-seven-a of this article provided such programs are available.

1.i.   3.   Upon a finding by the court that a respondent has willfully failed to obey any lawful order to support, **the court shall order the respondent**

11

**to pay counsel fees to the attorney representing petitioner** pursuant to section four hundred thirty-eight of this Act and may in addition to or in lieu of any or all of the powers conferred in subdivision two of this section or any other section of law;

    **(1.i.a)** commit the respondent to jail for a term not to exceed six months. Such commitment may be served upon certain specified days as the court may direct, and the court may, at any time within the term of such sentence, revoke such suspension and commit the respondent for the remainder of the original sentence, or suspend the remainder of such sentence. For the purposes of this subdivision, failure to pay support, as ordered, shall constitute prima facia evidence of a willful violation. Such commitment does not prevent the court from subsequently committing the respondent for failure thereafter to comply with any such order.

    **(1.i.b)** place respondent on probation under such conditions as the court may determine and in accordance with the provisions of the criminal procedure law; or

        **1.i.b.a.**    Family Court Act, Article 4, §456 - Probation

    **(a)** No person may be put on probation under this article unless the court makes an order to that effect, either at the time of the making of an order of support or under section four hundred fifty-four. The period of probation may continue so long as an order of support, order of protection or order of visitation applies to such person.

**1.ii.**  **4.**    The court **shall not deny** any request for relief pursuant to this section unless the facts and circumstances constituting the reasons for its determination are set forth in a written memorandum of decision.

12

48. Pursuant to part 4, the court is required to use all of

49. these sanctions. The judge is to state why he does not impose all of the sanctions under this section.

50. What is not mentioned and is another punishment is that if you owe arrears, the support collection unit can prevent you from obtaining a passport. In short, you cannot get a passport if you owe arrears.

51. Copy of Passport Denial Program 101 / Office of Child Enforcement is annexed as Exhibit 4

52. The statute fails to mention is that when the court issues a money judgment against you, you are going have to pay interest at the rate of 9% per year on the amount determined by the court to be owed.

53. 34. Failure to pay child support is a crime under Penal Law §260.05 and is a class A misdemeanor and now failure to pay child support pursuant to Penal Law §260.06 is a class D felony.

      1.i.   Penal Law §260.05 Non-support of a child in the second degree.

          (1.i.a)   A person is guilty of non-support of a child when, being a parent, guardian or other person legally charged with the care or custody of a child less than sixteen years old, he fails or refuses without lawful excuse to provide support for such child when he is able to do so, or becomes unable to do so, when, though employable, he voluntarily terminates his employment, voluntarily reduces his earning capacity or fails to diligently seek employment.

(1.i.b)   Non-support of a child in the second degree is a class A
Misdemeanor.

1.ii.   Penal Law §260.06 Non-support of a child in the first degree.

(1.ii.a)   A person is guilty of non-support of a child in

54. the first degree when:

1.      being a parent, guardian or other person legally charged with the care or

custody of a child less than sixteen years old, he fails or refuses without

lawful excuse to provide support for such child when he is able to do so; and

2.      He or she has previously been convicted in the preceding five years of the
crime defined in section 260.05 of this article.

(2.i.a)   Non-support of a child in the first degree is a class D Felony.

55. 35. According to MaGill's Penal Law Manual for Local Courts, February 2015

following penalties apply:

1.i.   §260.05 – Non-support of a child in second degree. Maximum fine
$1,000. Maximum Jail - 1 year, Probation 3 years and a surcharge of $120
- 125. (DNA is now required at a cost to the defendant of $50.00) This is a
class "A"

56. Misdemeanor.

     1.i.  §260.06 Non-support of a child in first degree - Maximum fine $5,000. Minimum Jail 1 year - Maximum Jail - 4 years, Probation 5 years and a surcharge of $325. This is a class "E" Felony.

57. According to the Criminal Procedure Law §340.40(2) Modes of Trial would be entitled to a public trial and a jury trial.

58. 2. In any local criminal court a defendant who has entered a plea of not guilty to an information which charges a misdemeanor must be accorded a jury trial, conducted pursuant to article three hundred sixty, except that in the New York city criminal court the trial of an information which charges a misdemeanor for which the authorized term of imprisonment is not more than six months must be a single judge trial.

59.   As documented below, even a litigant in family court

60. in New York City would be entitled to a jury trial as the potential punishment exceeds six months in jail with all of the onerous penalties above. Notice, in New York City the sole criteria is not more than six months in jail, and it does not address other onerous penalties.

61. 38. Is the penalty more severe pursuant to the Penal Law or the Family Court Act? It is my opinion that the penalty facing litigants in family court is more severe than that in a criminal court under the penal law, especially when you consider attorneys are running up thousands of dollars in attorney fees over a couple of hundred dollars in alleged arrears. Remember, under the penal law it is jail time of 1 year, probation, fine and surcharge. In family court it is jail of 6 months, attorney fees, loss of driver's license, loss of professional or business license, probation until child attains age of 21 which means if you have a two-year-old child you can be on probation for 19 years, money judgment at 9% interest per year, income deduction order, post an

undertaking, sequestration of your property, suspension of your recreational license or licenses, suspension of your business or occupational licenses and you are not able to get a passport.

62. 39. Family Court Act §435 Procedure; adjournment; confidentiality of requests

(1.i.a) **Hearings are conducted by the court without a jury, a violation of due process**

63. Opinion of SCALIA, J.,

64. KERRY v. DIN Decided June 15, 2015 -- The Due Process Clause has its origin in Magna Carta. As originally drafted, the Great Charter provided that no freeman shall be taken, or imprisoned, or be disseized of his freehold, or liberties, or free customs, or be outlawed, or exiled, or any otherwise destroyed; nor will we not pass upon him, nor condemn him, but by lawful judgment of his peers, or by the law of the land Magna Carta, ch. 29, in 1 E. Coke, The Second Part of the Institutes of the Laws of England 45 (1797).

65. The Courts has recognized that at the time of the Fifth Amendments ratification, the words due process of law were understood to convey the same meaning as the words by the law of the land in Magna Carta. Murrayís Lessee v. Hoboken Land & Improvement Co., 18 How. 272, 276 (1856). Although the terminology associated with the guarantee of due process changed dramatically between1215 and 1791, the general scope of the underlying rights protected stayed roughly constant. Edward Coke, whose Institutes were read in the American Colonies by virtually every student of law Klopfer v. North Carolina, 386 U. S. 213, 225 (1967), thoroughly described

the scope of the interests that could be deprived only pursuant to the law of the land Magna Carta, he wrote, ensured that, without due process, no man [may] be taken or imprisoned; disseized of his lands, or tenements, or dispossessed of his goods, or chattels from his livelihood without answer; barred to have the benefit of the law; denied the franchises, and privileges, which

66. This is the reason why no one is charged under the penal law for violating a support order. Under the penal law the litigant would be entitled to a public trial and a jury trial. In the family court a litigant is not entitled to a jury trial.

67. The denial of a jury trial in family court violates the Sixth Amendment to the United States Constitution and applicable united States of America Supreme Court and Federal Court of Appeals rulings. Family Court Act §435 is unconstitutional.

68. A defendant is entitled to a jury trial where an offense carries a jail term of more than six months if he can demonstrate that additional statutory penalties are so severe as to render the offense in question is a serious one. See, US Const, 6th Amend; New York Constitution Article 1, §2.

69. In 1989 the United States Supreme Court in <u>Blanton v. City of North Las Vegas</u>, Nev., 489 U.S. 538 held:

    1.i.  In using the word "penalty" **we do not refer solely to the maximum prison term** authorized for a particular offense. A legislature's view of the seriousness of an offense also is reflected in the other penalties that it attaches to the offense. See <u>United States v. Jenkins</u>, 780 F.2d 472, 474, and n. 3 (CA4). We thus examine "whether the length of the authorized prison term for the seriousness of other punishment is enough in itself to require a jury trial." (Citation omitted). Primary emphasis, however must be placed on the maximum authorized period of incarceration. Penalties

such as probation, or a fine may engender "a significant infringement of personal freedom," id, at 151, 89 S.Ct. 1506, but they cannot approximate in severity the loss of liberty that a prison term entails. Indeed, because incarceration is an "intrinsically different" form of punishment, <u>Muniz v. Hoffman</u>, 422 U.S. 454, 477, 95 S.Ct. 2178, 2190 (1975), it is the most powerful indication whether an offense is "serious".

1.ii.   Although we did not hold in Baldwin, that an offense carrying a **maximum prison term of six months or less automatically qualifies as a "petty" offense**, and decline to do so today, we do find it appropriate to presume for purposes of the Sixth Amendment that society views such an offense as "petty". **A defendant is entitled to a jury trial in such circumstances only if he can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a "serious" one.** This standard, albeit somewhat imprecise, should ensure the availability of a jury trial in the rare situation where the legislature packs an offense it deems "serious" with onerous penalties that nonetheless "do not puncture the 6-month incarceration line."

70. Pursuant to Family Court Act §454 the severity of the maximum potential penalty sufficiently reflects the legislature's determination that contempt for failure to pay support pursuant to court order is a serious offense for which a jury trial would be mandated pursuant to federal standards.

71. <u>United States v. ARBO</u>, 691 F.2d 862 (1982) held:

1.i.   The Supreme Court has accorded constitutional stature to the common-law rule that "petty offenses may be tried without a jury. (Citations omitted). In determining the line between "petty" and "serious" offenses for purposes of the Sixth Amendment right to a jury trial, the Supreme Court has more recently emphasized the maximum authorized penalty as an objective criterion of the gravity of the offense. Craner, supra, 652 F.2d at 24. "In deciding whether an offense is 'petty,' we have sought objective

criteria reflecting the seriousness with which society regards the offense . . . and **we have found the most relevant such criteria in the severity of the maximum authorized penalty.**" Baldwin v. New York, * * *, 90 S.Ct. 1886, 1887, * * * (1970) * * *. Thus, the Court has held that offenses carrying terms in excess of six months and fines of more than $500.00 must be tried before a jury.

72. In ordinary criminal prosecutions, **severity of penalty**

73. **authorized not penalty actually imposed is relevant criterion** in determining whether a particular offense can be classified as "petty" for purposes of determining right to a jury trial. Frank v. U.S., 89 S.Ct. 1503.

74. United States v. Craner, 652 F.2d 23 (1980) sent the matter back for a jury trial by holding that a litigant facing six months in jail or a $500.00 fine or both, **plus payment of costs and/or loss of driver's license, was a "serious"** one for which the Federal Constitution guaranteed trial by jury by stating:

   1.i.   Although Craner was sentenced only to probation and to attendance at traffic school, the offense of which he was charged carries a maximum penalty of six months' imprisonment or a $500 fine, or both, plus payment of costs. 36 C.F.R. §1.3 (1980). Craner's appeal raises the issue whether this offense is a "serious" one for which the Federal Constitution [2] guarantees a trial by jury.

   1.ii.   An offense is not "serious" because it is severely punished; it is severely punished because it is "serious." The severity of prescribed sanctions is regarded as the best objective indication of the general normative judgment of the seriousness of an offense. Baldwin v. New York, 399 U.S. 66 1980.

   1.iii.   Craner argues that there is an additional consequence of a DUI conviction beyond the sentence he faced: he could lose his California driver's license.

1.iv.   Hamdan does not forbid consideration of the future legal significance of a conviction in deciding whether an offense is a serious one. Although a license revocation is itself a regulatory, not a punitive action, <u>United States v. Best</u>, 573 F.2d 1095, 1099 (9th Cir. 1978), **the threat of loss of a license as important as a driver's license, a deprivation added to penal sanctions, is another sign that the DUI defendant's community does not view DUI as a petty offense.** It is irrelevant to the determination of Craner's rights to a jury trial whether this loss has occurred, will surely occur, or simply could occur. Cf. Duncan, supra, 391 U.S. at 159-60, 88 S.Ct. at 1452-1453 (possible penalty, not the one actually imposed, is the gauge of a locality's "social and ethical judgments" of the gravity of an offense).

75. <u>United States v. Rylander</u>, 714 F.2d 996, 1005 (1983):

1.i.   There is a sixth amendment right to a trial by jury in serious, but not petty, criminal contempt cases. <u>Bloom v. Illinois</u>, . . ., 88 S.Ct. 1477, 1480, . . ., (1968). **Whether a criminal contempt is serious or petty is determined by the severity of the penalty authorized.** <u>Frank v. United States</u>, . . ., 89 S.Ct. 1503, 1505, . . ., (1969). If the contempt is charged under a statute that authorizes a maximum penalty greater than $500.00 or six month's imprisonment, **there is a right to a jury trial regardless of the penalty actually imposed.** <u>Muniz v. Hoffman</u>, . . ., 95 S.Ct. 2178, 2190-91, . . . (1975).

76. Notice, that Craner could face loss of his driver's license in another proceeding because of his DUI conviction and he was entitled to a jury trial, yet, in family court loss of a driver's license is part of the punishment. Also, the argument about the plaintiff being deprived of a passport is very relevant based upon Craner.

77. Even if it is argued that this is a "civil" proceeding

78. the litigant would still be entitled to a jury trial. In Re Rosahn, the court held that a litigant facing imprisonment in a civil proceeding was entitled to a public trial under the Fifth Amendment. As such, a litigant facing a potential sentence that exceeds six months in jail or a $5,000.00 fine or both would be entitled to their Sixth Amendment right to a jury trial.

79. Maita v. Whitmore, 508 F.2d 143 (1974):

    1.i.  [1]  First: The rules as to whether an ordinary criminal offense is "petty," thus not requiring a jury trial, or "serious." thus requiring a jury trial, also apply to charges of criminal contempt. Codispoti v. Pennsylvania, supra, 418 S.S. at 513, 94 S.Ct. at 2692; Taylor v. Hayes, supra, 418 U.S. at 495, 94 S.Ct. at 2701.

    1.ii.  [3]  Third: "[J]udgment about the seriousness of the crime is normally heavily influenced by the penalty authorized by the legislature. "Codispoti v. Pennsylvania, supra, . . ., 94 S.Ct. at 2691. Indeed, if the penalty authorized by the legislature exceeds six months, there is a right to a jury trial, even though the judge could impose a sentence of six months or less. Baldwin v. New York, 1970, . . ., 90 S.Ct. 1886, . . ., and cases there cited.

80. In Re Rosahn, 671 F.2d 690 at 695, 696, 697 (2nd Cir. 1982):

    1.i.  [9] Another argument not raised below is that the contempt proceeding was conducted in a manner that violated her right to due process because a full adversary hearing was not held, no witnesses were called, she was not informed of her right to call witnesses, and she was not offered an opportunity to address the court before issuance of a CIVIL contempt order...

    1.ii.  [10] . . . In Re Oliver, 333 U.S. 257, 68 S.Ct. 499,

81. (1948) which struck down a secret criminal contempt trial

82. as violative of due process, the Supreme Court stressed that at the heart of due process clause is "[t]he traditional Anglo-American distrust for secret trials," which throughout history have been associated with "institutions [that] obviously symbolized a menace to liberty." Id. at 268-69, 68 S.Ct. at 505.

83. U.S. v. Pina, 844 F.2d 1, 12-13 (1988):

    1.i.  It is apparent, therefore, that the Court has refused to make any exception to the rule that the right to a jury trial attaches when, in any single proceeding, a defendant is subject to total imprisonment of more than six months.

    1.ii.  . . . On each occasion, "the salient fact remains that the contempts arose from a single trial, were charged by a single judge, and were tried in a single proceeding ". Codispoti, 418 U.S. at 517, 94 S.Ct. at 2693 (emphasis supplied). The Supreme Court explicitly has refused to make any exception to the rule that the right to a jury trial attaches any time one is subject to imprisonment in excess of six months in a single sentencing proceeding; we cannot create a contrary rule of law.

    1.iii.  18 U.S.C.A. §1 (3) Any misdemeanor, the penalty of which, as set forth in the provision defining the offense, does not exceed imprisonment for a period of six months or a fine of not more than $5,000.00 for an individual and $10,000.00 for a person other than an individual, or both is a petty offense.

84. As documented above, Family Court Act §435 is unconstitutional and the plaintiff is entitled to a jury trial based upon the penalties in Family Court Act §438 and §454 and the fact the plaintiff could be prohibited from receiving a passport until such arrears are paid off.

85. Plaintiff based upon the above case law requests that this Court determine that Family

Court Act §435 is unconstitutional as it illegally deprives the plaintiff of his

Constitutional Right to a Jury Trial for violating an order of

86. support.

### Damages

87. That the defendant pay of the cost of this action.

88. No previous application has been made for the relief

89. herein requested in federal court.

IV.                                **LEGAL CLAIMS**

**FIRST CAUSE OF ACTION UNDER 42 U.S.C. § 1983 MALICIOUS
PROSECUTION IN VIOLATION OF THE FOURTH and FOURTEENTH
AMENDMENTS, U.S. CONSTITUTION**

90. The individual defendants, acting jointly and severally, conspired to and did

maliciously prosecute the plaintiff.

91. The defendants initiated and continued proceedings against the plaintiff without due

proses cause, and with actual malice.

92. The defendants' actions violated the Plaintiff's clearly established right to liberty and

personal security as guaranteed by the Fourth and Fourteenth Amendments to the

United States Constitution.

93. The Defendants knew, or reasonably should have known, that their conduct violated

the Plaintiff's clearly established right to liberty and personal security.

94. The Defendants acted with intent to violate, or with deliberate or reckless indifference

to, the Plaintiff's clearly established rights protected by the Fourth and Fourteenth

Amendment.

95. At all times relevant herein, the Defendants were acting under color of state law, or conspired with individuals acting under color of state law to deprive plaintiff of his rights. *Adickes* v. *S.H Kress & Co.,* 398 U.S. 144, 150 (1970)

96. As a direct result of the Defendants' conduct, the Plaintiff has suffered actual damages, attorneys' fees, and costs.

## V.    DAMAGES

97. On account of the Defendants' actions and violations of their rights as set forth above, the Plaintiff suffered actual damages, including loss of liberty, property, pain, suffering, humiliation and emotional distress, and was forced to expend funds for attorneys' fees,  and related expenses in defense of the charges against him.

98. Plaintiff is entitled to recover damages, attorney's fees (in this action and for the prosecution), costs, and punitive damages.

99. Plaintiff demands prejudgment interest on all elements of out-of-pocket loss including attorneys' fees.

## VI.    PRAYER FOR RELIEF

### WHEREFORE,

100.    Plaintiff prays that this jury

101.    Assume jurisdiction of this action;

102.    Enter a judgment against the defendants in favor of the plaintiff;

103.    Declare Family Court Act §435 unconstitutional as it violates a litigant's right to a due proses jury trial;

104.    Protect the right to a jury trial in any support proceedings.

105.   Award Plaintiff all costs and disbursements incurred in the prosecution of this

action, including reasonable

106.   attorneys' fees under 42 U.S.C. *1988; and

107.   Award the Plaintiff compensatory damages of $1,000,000, including prejudgment

interest on any out-of-pocket damages;

108.   Impose punitive damages of $250,000 against  defendant;

109.   Award Plaintiff all costs and disbursements incurred in the prosecution of this

action, including reasonable attorneys' fees under 42 U.S.C. §1988; and

110.   Enter such other and further relief as the jury deems just and proper.

*NOv - 27 - 2021*

David J. Mongielo

6115 Robinson Rd.

Lockport, NY 14094

716-998-2572

VERIFICATION

STATE OF NEW YORK          )

COUNTY OF NIAGARA          )ss.:

25

David J. Mongielo being duly sworn, says that he is the

Plaintiff in the above-named proceeding and that the foregoing Petition is true to his own

knowledge, except as to matters therein stated to be alleged on information and belief and as to

those matters, he believes to be true.

_____

_____

David J. Mongielo

Sworn to before me this

\_\_\_\_ day of August, 2021

_____

Notary Public

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| David Mongielo | Kristie T. Kantor and<br>Niagara County Family Court New York |

| (b) County of Residence of First Listed Plaintiff Niagara | County of Residence of First Listed Defendant Niagara |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| | 21 CV 973 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | **PERSONAL INJURY** | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander / Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine / [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | **IMMIGRATION** | |
| | | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | |
| | | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
4. 42 U.S.C. §1983

Brief description of cause:
1. Deprivation of various natural rights secured by the Constitution

| VII. REQUESTED IN COMPLAINT: | [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ $100,000.00 | CHECK YES only if demanded in complaint:<br>JURY DEMAND: [x] Yes [ ] No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* JUDGE FPG | DOCKET NUMBER |
|---|---|---|

DATE AUG 27-2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|