UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID MONGIELO,

                                        Plaintiff,                    Case # 21-CV-973-FPG

v.                                                                          DECISION & ORDER

KRISTIE T. KANTOR, et al.,

                                        Defendants.

## INTRODUCTION

*Pro se* Plaintiff David Mongielo brings this civil rights action against Defendants Kristie T. Kantor (in her individual and official capacities) and the Niagara County Family Court. ECF No. 1. Kantor is a state-court support magistrate who is presiding over a dispute between Mongielo and his ex-wife over child support. Plaintiff alleges that Defendants have violated his right to a jury trial in connection with the child-support proceedings. Plaintiff cites 42 U.S.C. § 1983 as the vehicle for his complaint. *Id.* at 1.

Plaintiff has filed a motion for an "injunction and/or stay" to bar Defendants from taking "any further actions" against him "in the Niagara County Family Court." ECF No. 4 at 1. Defendants oppose the motion and have filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 10. For the reasons that follow, Defendants' motion is GRANTED and Plaintiff's motion for an injunction is DENIED AS MOOT.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the

defendant is liable for the alleged misconduct. *Id.* at 678.  In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).  At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).  Where a defendant makes a "facial" Rule 12(b)(1) motion challenging the existence of subject matter jurisdiction, the plaintiff has no "evidentiary burden," and "[t]he task of the district court is to determine whether the [complaint] alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (internal quotation marks and brackets omitted).

## BACKGROUND

The Court will provide a brief summary of the underlying circumstances, though it need not provide an exhaustive account of Plaintiff's allegations in light of the narrow issues presently before the Court.

For several years, Plaintiff has been involved in child-support proceedings in Niagara County Family Court.  Plaintiff's present action arises from a petition filed by his ex-wife, alleging that Plaintiff had failed to pay his child support obligation. *See* ECF No. 1 ¶¶ 12-15.  After several adjournments, trial on the petition was scheduled for August 27, 2021. *See* ECF No. 4 at 8.[1]

On August 27, 2021, the trial proceeded as scheduled.  In her decision, Kantor concluded that the petition was meritorious and that Plaintiff owed child-support arrears. *See id.* at 9.  Kantor also concluded that Plaintiff was in willful violation of the child-support order. *Id.*  Kantor

---

[1] "A court may take judicial notice of matters of public record, including pleadings, testimony, and decisions in prior state court adjudications, on a motion pursuant to Rule 12(b)(6)." *Johnson v. Pugh*, No. 11-CV-385, 2013 WL 3013661, at *2 (E.D.N.Y June 18, 2013).

recommended that Plaintiff be incarcerated for a period of no less than sixty days and that Plaintiff could "purge himself" of the contempt with a $5,000 payment. *Id.* at 10. Kantor referred the matter "to a Family Court Judge for confirmation proceedings." *Id.* at 9.

On the same day, Plaintiff filed the present action. ECF No. 1. His complaint is largely an explanation of his legal position: that New York state law—insofar as it permits family-court judges and support magistrates to resolve and punish violations of child-support orders without a jury trial—is unconstitutional. Plaintiff explicitly identifies only one claim: a malicious prosecution claim under 42 U.S.C. § 1983.[2] *See id.* at 23-24. Plaintiff requests money damages, injunctive relief, and a declaratory judgment that applicable state law is "unconstitutional as it violates a litigant's right to a due proses [sic] jury trial." *Id.* at 24; *see also* ECF No. 4.

In his filings, Plaintiff gives only vague indications as to what occurred after his August 2021 trial. In an affidavit dated October 19, 2021, Plaintiff alleged that Defendants were "attempting to have [him] sentenced to jail on October 22, 2021." ECF No. 4 at 73; *see also id.* at 13 (copy of a "Notice to Appear," which states that a virtual appearance concerning a "Referral from Support Magistrate" is scheduled for October 21, 2021). In a filing dated February 10, 2022, Plaintiff stated that Defendant were still "ordering judgments and scheduled the incarceration of

---

[2] Plaintiff alludes to other claims throughout his filings. The Court need not address Plaintiff's conclusory, undeveloped references to the "Common law of New York" as one of the grounds for his lawsuit. *See* ECF No. 1 at 1; *Walia v. Veritas Healthcare Solutions, L.L.C.*, No. 12-CV-6935, 2015 WL 4743542, at *2 (S.D.N.Y. Aug. 11, 2015) (stating that "conclusory allegations or legal conclusions masquerading as factual conclusions" are "not entitled to credence on a motion to dismiss"). In later submissions after his complaint, Plaintiff raises several new arguments, including, *inter alia*, that N.Y. Family Court Act § 439 violates the State Constitution and that Kantor should have recused herself from the proceeding. *See* ECF No. 4 at 62-70, 72, 77-80. To the extent Plaintiff contends these non-pleaded claims arise under the Federal Constitution, they fail for the reasons discussed herein. To the extent Plaintiff is attempting to raise state-law claims, he would first need to move to amend his complaint, which does not include any such claims. *See* ECF No. 1; *see also Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F. Supp. 518, 526 (S.D.N.Y. 1977) ("[A] party is not entitled to amend his pleading through statements in his brief."). But any such amendment would likely be futile, as the Court is disinclined to exercise supplemental jurisdiction over state-law claims since all federal claims have been dismissed early in the litigation. *See Agard v. N.Y.S. Dep't of Taxation & Finance*, No. 10-CV-4726, 2012 WL 601474, at *10 (E.D.N.Y. Feb. 23, 2012).

myself." ECF No. 17 at 1.  From these filings, the Court infers that the contempt proceedings remain ongoing.

## DISCUSSION

Defendants argue that dismissal is appropriate on several grounds.  Because they are dispositive, the Court need only address three of those arguments: first, the Niagara County Family Court is not a "person" susceptible to suit under Section 1983; second, Kantor in her individual capacity enjoys absolute immunity from suit; and third, much of the relief that Plaintiff seeks against Kantor in her official capacity is unavailable, and, to the extent some relief is available, the Court should abstain from exercising jurisdiction under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).  *See* ECF No. 10-1 at 8-10, 14-20, 26-28; ECF No. 16 at 4.

### I.   Niagara County Family Court

Plaintiff's suit may not proceed against the Niagara County Family Court.  Section 1983 "provides that an action may be maintained against a 'person' who has deprived another of rights under the 'Constitution and Laws.'"  *Brown v. Nassau Cty.*, No. 0-5CV-872, 2005 WL 1124535, at *3 (E.D.N.Y. May 9, 2005).  But a state court "is not a 'person' within the meaning of § 1983." *Id.*; *see also, e.g.*, *id.* (family court in Nassau County not subject to suit under Section 1983); *Gault v. Admin. Fair Hearing at 14 Boerum Place*, No. 14-CV-7398, 2016 WL 3198280, at *2 (E.D.N.Y. June 8, 2016); *Mills v. Brooklyn Family Court*, No. 87-CV-2711, 1987 WL 14803, at *1 (E.D.N.Y. Oct. 19, 1987).  Thus, the Niagara County Family Court must be dismissed from this action.

### II.   Kantor in her Individual Capacity

In her individual capacity, Kantor is entitled to absolute immunity from suit.  "It is well-settled that judges are entitled to absolute immunity for damages arising out of judicial actions performed in their judicial capacity."  *Corrado v. Freundlich*, No. 15-CV-5389, 2016 WL

2962206, at *3 (E.D.N.Y. May 20, 2016).  "This absolute immunity includes state government officials, such as a support magistrate in the Family Court, under a 'quasi-judicial' theory."  *Id.*; *see also United States v. Bommer*, No. 19-CV-823, 2020 WL 1963159, at *4 (W.D.N.Y. Apr. 21, 2020) ("[J]udges and support magistrates are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities.").  "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  *Bommer*, 2020 WL 1963159, at *4.

Here, the only actions of which Plaintiff complains are those that Kantor took her in quasi-judicial capacity as a support magistrate—namely, that Kantor rendered a decision and granted relief on his ex-wife's petition without affording him a jury trial.  *See* ECF No. 1 ¶¶ 1-2, 18, 19, 90-99.  Plaintiff makes no allegations that Kantor acted in the clear absence of all jurisdiction.  *See generally* N.Y. Family Ct. Act § 439.  Therefore, Kantor, in her individual capacity, is immune from suit.  *See, e.g.*, *Bommer*, 2020 WL 1963159, at *4 (family-court judge entitled to absolute immunity where she removed son from plaintiff's custody); *Lomtevas v. Cardozo*, No. 05-CV-2779, 2006 WL 229908, at *5 (E.D.N.Y. Jan. 31, 2006) (support magistrate entitled to absolute immunity where plaintiff alleged that magistrate "assumed jurisdiction erroneously since the divorce settlement vested jurisdiction in the Supreme Court").

## III.   Kantor in her Official Capacity

Thus, Plaintiff's suit may proceed, if at all, only against Kantor in her official capacity. But the relief available to him is narrow.  "State officials acting in their official capacities"—including state-court judges and support magistrates—"are not considered persons within the meaning of § 1983 and, therefore, cannot be sued for damages."  *Keesh v. Quick*, No. 19-CV-8942,

2021 WL 639530, at *5 (S.D.N.Y. Feb. 17, 2021); *see also, e.g.*, *Cinotti v. Adelman*, 709 F. App'x 39, 41 (2d Cir. 2017) (summary order) ("To the extent [Plaintiff] seeks monetary relief against the state judge in his official capacity, her claims fail because he is not a 'person' within the meaning of § 1983.").  Furthermore, by statute, a plaintiff cannot obtain injunctive relief against a state-court judicial officer acting in her official capacity unless "a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983; *see also Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (applying injunction bar to parole board officials "when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole") .  Plaintiff makes no such allegation in his complaint.  *See* ECF No. 1.

        As a result, the only relief potentially available to Plaintiff is prospective declaratory relief.  *See MacPherson v. Town of Southampton*, 664 F. Supp. 2d 203, 211 (E.D.N.Y. 2009).  However, the Court concludes that it would be inappropriate to exercise jurisdiction to the extent Plaintiff seek prospective declaratory relief related to his right to a jury trial in his ongoing child-support proceedings.[3]  "Although federal courts have a virtually unflagging obligation to exercise the jurisdiction given to them, the *Younger* abstention doctrine provides a narrow exception to that general rule."  *Festinger v. Snitow Kaminetsky Rosner & Snitow, LLP*, No. 20-CV-9784, 2022 WL 901660, at *14 (S.D.N.Y. Mar. 28, 2022) (internal quotation marks, ellipsis, and citation omitted).  "Under that doctrine, district courts should abstain from exercising jurisdiction" in certain "exceptional circumstances," including "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Id.  Younger* abstention applies to claims for declaratory relief.  *See id.*

---

[3] To the extent those proceedings have concluded, Plaintiff's claim for declaratory relief would be barred not by *Younger* but by the Eleventh Amendment.  *See Bowman v. Dilworth*, No. 20-CV-756, 2021 WL 2551142, at *4 (D. Conn. June 22, 2021) ("[R]etrospective relief—e.g., a declaration that a state officer defendant violated a plaintiff's rights at some time in the past—is barred by the Eleventh Amendment.").

Courts have routinely applied *Younger* abstention in cases involving ongoing state-court proceedings related to domestic relations.  In *Falco v. Justices of the Matrimonial Parts of the Supreme Court of Suffolk County*, 805 F.3d 425 (2d Cir. 2015), the Second Circuit concluded that *Younger* abstention was appropriate in a case brought by a plaintiff challenging "the constitutionality of the New York laws that authorize State judges to order parents to pay for attorneys appointed for their children." *Falco*, 805 F.3d at 427.  Divorce and custody proceedings were ongoing at the time the plaintiff filed a Section 1983 action in federal court against "all justices of the Matrimonial Parts of the Supreme Court, Suffolk County." *Id.*  The Second Circuit noted that the plaintiff's lawsuit "implicate[d] the way that New York courts manage their own divorce and custody proceedings—a subject in which the states have an especially strong interest." *Id.* (internal quotation marks omitted); *see also id.* at 428 ("[O]rders relating to the selection and compensation of court-appointed counsel for children are integral to the State court's ability to perform its judicial function in divorce and custody proceedings.").  On this basis, the court held that abstention was appropriate because there were "pending State civil proceedings involving orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Falco*, 805 F.3d at 428 (internal quotation marks omitted).

The logic of *Falco* militates in favor of abstention under the present circumstances.  Like the plaintiff in *Falco*, Plaintiff brings a suit challenging the constitutionality of a state law that is at issue in his ongoing family-court proceedings.  His lawsuit implicates the manner in which state courts oversee and enforce child-support obligations, an issue that, like divorce and custody matters, is "a subject in which the states have an especially strong interest." *Id.* at 427 (internal quotation marks omitted).  A state court's ability to enforce its support orders is "integral" to its ability to perform its judicial function in child-support proceedings. *Id.* at 428; *see also Cavanaugh*

*v. Geballe*, 28 F.4th 428 (2d Cir. 2022) ("[F]ederal courts should refrain from interfering with core state court civil administrative processes, powers, and functions that allow the state courts to adjudicate the matters before them and enforce their judgments."); *Juidice v. Vail*, 430 U.S. 327, 335 (1977) ("A State's interest in the contempt process, through which it vindicates the regular operation of its judicial system, so long as that system itself affords the opportunity to pursue federal claims within it, is surely an important interest.").  Moreover, there is nothing before the Court to suggest that Plaintiff cannot obtain judicial review of Kantor's rulings via the ordinary appeal process.  *See Falco*, 805 F.3d at 427 (noting that, in deciding whether abstention is appropriate, a court may consider whether "the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims").

Therefore, *Younger* abstention is appropriate.  *Accord Festinger*, 2022 WL 901660, at *15 (*Younger* abstention applied where plaintiff filed suit to invalidate family-court judge's pending contempt orders); *Tomcyzk v. N.Y. Unified Court Sys.*, No. 19-CV-2753, 2019 WL 2437849, at *3 n.1 (E.D.N.Y. June 10, 2019) (Plaintiff's claim challenging judgment of contempt "for failing to pay child support" fell "squarely within the scope of abstention").  Plaintiff's claim for prospective declaratory relief under Section 1983 against Kantor in her official capacity is dismissed without prejudice.  *See Toczek v. Alvord*, No. 19-CV-1776, 2021 WL 965702, at *2 (D. Conn. Mar. 15, 2021).

Accordingly, at present, Plaintiff cannot obtain any cognizable form of relief against Kantor in her official capacity.  She is properly dismissed from this case.

**CONCLUSION**

For the reasons stated herein, Defendants' motion to dismiss (ECF No. 10) is GRANTED, insofar as the complaint is dismissed with prejudice as to the Niagara County Family Court and Kantor in her individual capacity, and is dismissed without prejudice as to Kantor in her official capacity.  Because the complaint is dismissed, Plaintiff's motion for an injunction and/or stay (ECF No. 4) is DENIED AS MOOT.  Plaintiff's request to file electronically (ECF Nos. 13, 14) is DENIED AS MOOT.  The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:  April 7, 2022
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York